**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JEANNETTE PORRAZZO,

Plaintiff,

v.

STATE OF NEVADA, *et al.*,

Defendants.

Case No. 3:26-CV-00006-ART-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

Before the Court is Plaintiff Jeannette Porrazzo's ("Porrazzo") application to proceed *in forma pauperis*, (ECF No. 1), and *pro se* complaint, (ECF No. 1-1). The Court now screens Porrazzo's complaint and, for the reasons stated below, recommends it be dismissed without leave to amend, and that Porrazzo's application to proceed *in forma pauperis* be denied as moot.

**I.     SCREENING STANDARD**

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigant proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

---

[1]     This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## II.    SCREENING OF COMPLAINT

Porrazzo brings this suit as an individual and on behalf of Does 1-100, a class of federally recognized tribal nations, a class of homeowners currently residing in certain zip codes, and a class of prior homeowners that used to reside in those same zip codes. (ECF No. 1-1 at 1-2.) Porrazzo sues more than two dozen Defendants, which the Court will not recount here, for various acts of alleged misconduct relating to Washoe Tribe land and interests. (*See generally* ECF No. 1-1.) In short, Porrazzo alleges that pursuant to 25 U.S.C. § 177 the Washoe Tribe still holds good title to their historical lands because the land was taken by force and not relinquished by treaty. (*Id.* at 7-8.) Since that forceful taking, the tribal land has been polluted such that natural resources are no longer usable and Washoe Tribe artifacts and remains have been desecrated by development. (*Id.* at 8-14.)

Although Porrazzo does not specifically state which statute(s) she is bringing the instant suit under, she identifies the following statutes as having been violated: (1) 25 U.S.C. §§ 3001-3013 (Native American Graves Protection and Repatriation Act); (2) 16 U.S.C. §§ 470aa-470mm (Archaeological Resources Protection Act); (3) 42 U.S.C. § 4321 *et seq.* (National Environmental Policy Act); (4) 42 U.S.C. § 9601 *et seq.* (Comprehensive Environmental Response, Compensation, and Liability Act); and (5) NRS 383.011-383.125 (Nevada's Historical Preservation and Archeology Act). (ECF No. 1-1 at 20-21.)

In her complaint, Porrazzo is attempting to sue on behalf of various groups, which she is prohibited from doing as a *pro se* litigant. Federal Rule of Civil Procedure 23(a)(4) demands that a class representative "fairly and adequately protect the interests of the class." This has been interpreted to mean a plaintiff proceeding *pro se* cannot be a class representative because the limitations a *pro se* plaintiff faces necessarily means they cannot adequately represent the interests of the class. *C.E. Pop Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (noting that *pro se* plaintiff "has no authority to appear as an attorney for others than himself"); *Simon v. Hartford Life, Inc.*, 546 F.3d 661,

3

664-65 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."); *Williams v. Nevada*, 2020 WL 1876220, at *1 (D. Nev. Apr. 15, 2020) ("However, *pro se* litigants have no authority to represent anyone other than themselves."); *Rudgayzer v. Yahoo! Inc.*, 2012 WL 5471149, at *4-*5 (N.D. Cal. Nov. 9, 2012) ("Courts have generally concluded that a purported class representative who proceeds *pro se* violates this test of adequacy of representation."). Thus, Porrazzo lacks standing to assert any claims on behalf of the purported classes.

Porrazzo does state she is suing in her individual capacity as well, however Porrazzo fails to state any claims for which she has standing to pursue as an individual. All of Porrazzo's claims deal with injuries to the Washoe Tribe. (*See* ECF No. 1-1 at 7-19.) Thus, it is the Washoe Tribe who has standing to assert these claims and not Porrazzo, who fails to assert she is a member of the Washoe Tribe or has any personal stake in this case. *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992) (noting that "the plaintiff must have suffered an 'injury in fact' — an invasion of legally protected intertest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not conjectural or hypothetical'" (internal citations omitted)). The Court has thoroughly reviewed Porrazzo's complaint and cannot discern any claim which she would have standing to bring as an individual.

The Court therefore recommends Porrazzo's complaint be dismissed for failure to state a claim. Furthermore, the Court recommends Porrazzo's complaint be dismissed without leave to amend because amendment would be futile considering Porrazzo lacks standing to sue in both a representative and individual capacity.

**III.    CONCLUSION**

For the reasons stated above, the Court recommends Porrazzo's complaint, (ECF No. 1-1), be dismissed without leave to amend, and that Porrazzo's application to proceed *in forma pauperis*, (ECF No. 1), be denied as moot.

///

4

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.    RECOMMENDATION

**IT IS RECOMMENDED** that Porrazzo's application to proceed *in forma pauperis*, (ECF No. 1), be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1), but **NOT ISSUE** summons.

**IT IS FURTHER RECOMMENDED** that Porrazzo's complaint, (ECF No. 1-1), be **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: January 27, 2026.

**UNITED STATES MAGISTRATE JUDGE**