UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEANNETTE PORRAZZO, | Case No. 3:26-cv-00006-ART-CLB |
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.,* | |
| Defendants. | |

Plaintiff Jeannette Porrazzo sued more than two dozen Defendants,[1] relating to various acts of alleged misconduct relating to Washoe Tribe land and interests. (ECF No. 1-1.) Before the Court is Magistrate Judge Carla Baldwin's Report and Recommendation (R&R) recommending that Ms. Porrazzo's complaint be dismissed without leave to amend, and that her application to proceed *in forma pauperis* ("IFP") be denied as moot. (ECF No. 4.)

For the reasons set forth below, the Court adopts Judge Baldwin's R&R in part, dismissing Ms. Porrazzo's complaint without prejudice, and with leave to amend, and granting her IFP application.

## I.    FACTS AND PROCEDURAL HISTORY

The Court adopts the following facts from the R&R and Ms. Porrazzo's complaint. Ms. Porrazzo sued as an individual and on behalf of Does 1-100, a class of federally recognized tribal nations, a class of homeowners currently residing in certain zip codes, and a class of prior homeowners that used to reside

---

[1] Those Defendants include, among others, the State of Nevada, the Nevada Department of Conservation and Natural Resources, James A. Settelmeyer, the Nevada Division of State Parks, Robert Mergell, Arthur Krupicz, Washoe County, the Washoe County Board of Commissioners, Washoe County Planning Commissioners, the South Valleys Citizens Advisory Board, Linda Bell, World Properties Inc., Fred Woodside, Ken Krater, Bryan Drakulich, the Winters family, and the Scripps family. (ECF No. 1-1 at 2–6.)

in those same zip codes. (ECF No. 4 at 3.) Ms. Porrazzo's complaint alleges that, pursuant to 25 U.S.C. § 177, the Washoe Tribe still holds good title to their historical lands because the land was taken by force and not relinquished by treaty. (*Id.*) This same land is also where Defendant World Properties is now seeking to build a housing development called Sierra Reflections. (ECF No. 1-1 at 16.)

Ms. Porrazzo identifies the following statutes as having been violated: (1) 25 U.S.C. §§ 3001–3013 (the Native American Graves Protection and Repatriation Act); (2) 16 U.S.C. §§ 470aa–470mm (the Archaeological Resources Protection Act); (3) 42 U.S.C. § 4321 *et seq.* (the National Environmental Policy Act); (4) 42 U.S.C. § 9601 *et seq.* (the Comprehensive Environmental Response, Compensation, and Liability Act); and (5) NRS 383.011–383.125 (Nevada's Historical Preservation and Archeology Act). (*Id.*)

## II.   LEGAL STANDARD

### A. Review of Reports and Recommendations

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Ms. Porrazzo objected to the R&R. (ECF No. 5.) Therefore, the Court reviews the R&R *de novo* for issues Ms. Porrazzo objected to.

### B. Standing

Article III of the U.S. Constitution requires that a plaintiff have standing to sue to assert claims in federal court. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992). "[T]o satisfy Article III's standing requirements, a plaintiff must

show (1)[she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan,* 504 U.S. at 561. If a plaintiff lacks standing under Article III, the case must be dismissed. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101–02 (1998).

If a court dismisses a complaint for lack of standing, it should grant the plaintiff leave to amend the complaint unless it is beyond doubt that the complaint cannot be saved by amendment. *See Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009).

**III.     ANALYSIS**

Ms. Porrazzo objects to the magistrate judge's conclusions on the ground that she is not seeking to represent any other party, she is actively coordinating with the Washoe Tribe regarding joinder, and she has individual standing. (ECF No. 5.)

**A. Class Representative**

In her objection, Ms. Porrazzo "expressly disclaims representation of any other person or entity." (ECF No. 5 at 1.) Her complaint, however, reveals that she is attempting to sue on behalf of various groups. (ECF No. 1-1 at 1–2.)

A pro se litigant is entitled to bring her own claims to federal court without counsel, but not the claims of others. *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (explaining "the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity"). Ms. Porrazzo also cannot prosecute this action as a class representative. A pro se plaintiff may not litigate her case as a class action because she cannot "fairly and adequately

protect the interest of a class." Fed. R. Civ. P. 23(a)(4); *see also C.E. Pop Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (noting that *pro se* plaintiff "has no authority to appear as an attorney for others than himself").

Thus, because Ms. Porrazzo lacks standing to litigate a pro se class action, this action will be construed as an individual civil suit brought by Ms. Porrazzo.

**B. Injury in Fact**

Ms. Porrazzo argues that the anticipated joinder of the Washoe Tribe would materially alter issues of standing and jurisdiction. (ECF No. 5 at 1–2.) Additionally, she contends that she has individual standing. (*Id.* at 3.)

The Court's standing inquiry, here, begins and ends with "injury in fact, the first and foremost of standing's three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016) (internal quotations and citations omitted), *as revised* (May 24, 2016). An injury in fact exists where it is "concrete, particularized, and actual or imminent." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citations omitted). For an injury-in-fact to be "concrete," the injury "must actually exist." *Perry v. Newsom*, 18 F.4th 622, 631 (9th Cir. 2021). For an injury-in-fact to be "particularized," the injury must affect the plaintiff "in a personal and individual way." *Id.* "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is certainly impending." *Clapper*, 568 U.S. at 409.

As an initial matter, the Washoe Tribe has not yet been joined[2] to this action, so the Court may only determine Ms. Porrazzo's standing to sue at this juncture. Ms. Porrazzo, however, does not allege anywhere in her complaint how she, individually, would be harmed by the Sierra Reflections development. (*See*

---

[2] Ms. Porrazzo may add additional parties to this action through amendment of the complaint. *See* Fed. R. Civ. P. 15. Required joinder is governed by Federal Rule of Civil Procedure 19. Permissive joinder must comply with the mandates of Rule 20. *See* Fed. R. Civ. P. 20.

ECF No. 1-1.) The complaint details how the Washoe Tribe would be injured but fails to assert that Ms. Porrazzo is a member of the Washoe Tribe. (*Id.*) Ms. Porrazzo advances some allegations of individual harm to herself in her objection, but these allegations do not appear in her complaint. (ECF No. 5 at 3 (alleging that "Plaintiff is a long-term resident and property owner in Washoe Valley who relies on groundwater wells for daily drinking water for herself and her federally protected service animal").)

Thus, because Ms. Porrazzo's complaint does not allege any injury-in-fact, the Court agrees with the R&R and finds that she lacks standing and her claims must be dismissed.[3] However, because the Court finds that amendment would not be futile, it grants Ms. Porrazzo leave to amend.

**IV.      In Forma Pauperis**

Ms. Porrazzo also objects to the magistrate judge recommending denial of her IFP application as moot. (ECF No. 5 at 2.)

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

---

[3] Ms. Porrazzo's motions for a temporary restraining order and preliminary injunction have been rendered moot because her complaint has been dismissed for the reasons described above. The Court cannot grant Ms. Porrazzo injunctive relief because she has not adequately alleged Article III standing. Therefore, the TRO and PI motions must be denied. *See e.g, Waggoner v. Ryan,* No. CV-142040-PHXNVWMEA, 2014 WL 12689353, at *5 (D. Ariz. Dec. 16, 2014) (denying TRO motion as moot after dismissing the complaint without prejudice); *Benoit v. PNC Bank,* No. 2:19-CV-01063-MCE-DB, 2019 WL 2567140, at *2 (E.D. Cal. June 21, 2019) (denying TRO motion as moot after dismissing complaint without prejudice for lack of subject matter jurisdiction).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Based on the information in the application to proceed *in forma pauperis,* the Court grants that application. (ECF No. 1.)  Ms. Porrazzo will not be required to pay the filing fee.

**V.      CONCLUSION**

IT IS THEREFORE ORDERED that the report and recommendation (ECF No. 4) is ADOPTED IN PART.

IT IS FURTHER ORDERED that Ms. Porrazzo's complaint (ECF No. 1-1) is DISMISSED WITH LEAVE TO AMEND. Plaintiff may file an amended complaint by Monday, April 20, 2026, fixing the deficiencies identified herein.

IT IS FURTHER ORDERED that the Clerk FILE the complaint (ECF No. 1-1), but NOT issue summons at this time.

IT IS FURTHER ORDERED that Ms. Porrazzo's motion to add defendant is GRANTED. (ECF No. 9.)

IT IS FURTHER ORDERED that Ms. Porrazzo's application to proceed *in forma pauperis* is GRANTED. (ECF No. 1.)

IT IS FURTHER ORDERED that Ms. Porrazzo's motions for a temporary restraining order and preliminary injunction are DENIED as MOOT. (ECF Nos. 11, 12.)

Dated this 20th day of March 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE