**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| JEANETTE PORRAZZO,<br>Plaintiff,<br>v.<br>STATE OF NEVADA, et al.,<br>Defendants. | Case No. 3:26-CV-00006-ART-CLB<br>**ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR EXPEDITED CONSIDERATION**<br>[ECF Nos. 34, 35] |

Before the Court is Plaintiff Jeanette Porrazzo's ("Porrazzo") motion for appointment of counsel (ECF No. 34), and her motion to expediate consideration of the motion for appointment of counsel, (ECF No. 35). For the reasons discussed below, Porrazzo's motions, (ECF Nos. 34, 35), are **DENIED**.

There is no constitutional right to appointed counsel in a civil action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998). While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While

almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Regarding the first factor, Porrazzo asserts that her claims are substantial, non-frivolous, and of public importance. (ECF No. 34 at 2.) However, the motion does not actually explain *why* those assertions establish a likelihood of success on the merits. In fact, there are no claims currently pending in this case because Porrazzo's complaint was dismissed without prejudice and with leave to amend on March 20, 2026, (ECF No. 20), and Porrazzo has yet to file an amended complaint. Accordingly, Porrazzo has not established that there is a likelihood that she will succeed on the merits.

In addition, even if the Court assumed Porrazzo was likely to succeed on the merits, the second factor also weighs against the appointment of counsel. In considering this factor, the relevant inquiry is whether Porrazzo can articulate her claims *pro se* in light of the complexity of the issues. *Terrell v. Brewer*, 935 F.2d at 1017. Porrazzo argues that her anticipated claims are unusually complex because litigating them would require interpretation and application of CERCLA and regulations governing the Carson River Mercury Superfund Site, evaluation of toxicological and other scientific evidence concerning heavy-metal contamination, and management of expert testimony and a substantial documentary record involving multiple governmental and corporate defendants. (ECF No. 34 at 2.) She further asserts that the residual effects of a prior stroke, including difficulties with cognitive sequencing, memory, and communication under stress, would prevent her from handling those demands, particularly during courtroom proceedings and witness examinations. (ECF No. 34 at 3).

At present, however, no operative amended complaint is before the Court, and Porrazzo's description of issues that may arise in future litigation does not establish that the claims she ultimately asserts will be so complex that she cannot articulate them without counsel. Moreover, because Porrazzo may proceed *pro se* only on her own

behalf, and not on behalf of a class action, the Court will only consider her ability to present her individual claims. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Porrazzo's motion demonstrates that she can identify the governing legal standard, explain the factual and legal basis for her anticipated claims, describe her medical limitations, and present an organized written argument. Indeed, she acknowledges that she remains able to research legal issues and prepare written filings in a structured environment. (ECF No. 34 at 1-3). Accordingly, Porrazzo has not shown that the complexity of the issues and her asserted limitations prevent her from articulating her individual claims *pro se*.

For all these reasons, Porrazzo has not demonstrated exceptional circumstances exist in this case and her motion for appointment of counsel, (ECF No. 34), is **DENIED**. Having now ruled on her motion for appointment of counsel, Porrazzo's motion to expediate consideration of her motion for counsel, (ECF No. 35), is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED**: July 24, 2026.

**UNITED STATES MAGISTRATE JUDGE**